# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWIN FORD, III,

                Petitioner,                Case Number: 5:09-CV-10840

v.                                        HON. JOHN CORBETT O'MEARA

NICK LUDWICK,

                Respondent.

                                   /

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Edwin Ford, III, presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his conviction for first-degree premeditated murder. He argues that his attorney was ineffective in failing to request a complete self-defense instruction and in failing to object to the instruction as given. For the reasons set forth below, the Court denies the petition.

## I. Background

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted for the murder of Ronnie Morris on November 16, 2005 in the city of Flint. Petitioner admitted to striking the fatal blow, but argued he acted in self-defense. The Michigan Court of Appeals summarized the facts adduced at trial leading to Petitioner's conviction as follows:

> Defendant was convicted of murdering Ronny Morris in Kamela Randolph's apartment in Flint. Randolph permitted defendant and Morris to sleep in her living room on the night of the murder. Defendant and Morris, who both lived in Detroit, often stayed with Randolph when they visited Flint. Defendant explained to the police that he and Morris had fought over who would sleep on the couch, Morris pulled a gun on defendant, and defendant left the apartment. Because he

did not want to be disrespected or humiliated, Defendant picked up a board from
the entryway and returned to the apartment, where he struck Morris repeatedly
with the board.

*People v. Ford, III*, No. 272940 (Mich. Ct. App. Nov. 20, 2007).

On August 18, 2006, Petitioner was sentenced to life imprisonment without possibility of parole. He then filed an appeal of right in the Michigan Court of Appeals, raising the following claim:

Was defendant denied the effective assistance of counsel by his attorney's failure
to request an instruction to the jury that a person need not retreat from an attack in
his own dwelling before using deadly force?

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Ford*, *III*, No. 272940 (Mich. Ct. App. Nov. 20, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Ford, III*, No. 135431 (Mich. March 24, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claim raised in state court.

## II. Standard

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable

>determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### III. Discussion

Petitioner presents a single claim for habeas corpus relief, that his trial attorney was ineffective for failing to request a jury instruction that there is no duty to retreat from one's own dwelling.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

3

guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

"Because advocacy is an art and not a science, . . . [counsel's] strategic choices must be respected," if they were "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 at 690. The Supreme Court explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689.

The Michigan Court of Appeals denied this claim, finding that an instruction that there is no duty to retreat from one's own dwelling was not supported by the record. The Michigan Court of Appeals reasoned, in relevant part:

> To establish ineffective assistance of counsel, a defendant must show that: 1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; 2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different; and 3) the resultant proceedings were fundamentally unfair or unreliable. Defendant bears

4

the heavy burden of overcoming the presumption that counsel's representation was effective. In the instant case, defendant must establish that there is a reasonable probability that, if defense counsel had requested CJI2d 7.17, he would have been acquitted.

Self-defense normally requires that the defendant try to avoid the use of deadly force if he can safely and reasonably do so, for example by using nondeadly force or retreating. However, there is no duty to retreat when the defendant is in his own home, even when both persons have a right to be in the home. The defendant's home is determined by where he resides; it does not require ownership and can include a place of temporary residence. In [*People v. Davis*, 216 Mich. App. 47, 54; 549 N.W.2d 1 (1996)], this Court held that the defendant did not reside in the home where the assault occurred, even though "he had previously resided there, continued to have a key to the residence, used it as a mailing address, and occasionally slept there on a couch." *Id.* at 55.

CJI2d 7.17 is inapplicable to the facts of this case. The instruction that a defendant has no duty to retreat in his own home is only appropriate where the defendant is assaulted in his own home and where the degree of force used by the defendant is necessary for the defense of his person. The evidence presented at trial did not establish that defendant resided in Randolph's apartment. Defendant lived in Detroit, and according to Randolph, he only stayed at her apartment "on and off" when he visited Flint. During his visits, defendant used Randolph's shower, ate in her kitchen, and slept in her living room. Defendant had slept on Randolph's living room couch for only three days before the murder, and he returned to Detroit immediately after the murder. These circumstances are far less compelling than those presented in *Davis*, *supra* at 55, where this Court determined that the defendant was not entitled to the same instruction. Moreover, the force used by defendant was unnecessary for the defense of his person. Defendant repeatedly struck Morris in the head with a board, producing several fatal injuries and massive bleeding. Defendant admitted to the police that he continued to strike Morris even after Morris dropped his gun and raised his arms in defense.

Furthermore, the self-defense instructions given by the trial court adequately protected defendant's rights. The trial court gave a general self-defense instruction, pursuant to CJI2d 7.15, and it instructed the jury, pursuant to CJI2d 7.16, that defendant had no duty to retreat from a sudden, fierce and violent attack, or from an attack with a deadly weapon. Even if no "duty to retreat" instructions were given, the trial court's general self-defense instructions required the jury to determine whether defendant acted honestly and reasonably in protecting himself.

Defense counsel did not render ineffective assistance of counsel. Counsel's

> failure to request an instruction inapplicable to the facts at issue does not
> constitute ineffective assistance. In light of the self-defense instructions given to
> the jury, defendant cannot establish that defense counsel's failure to request the
> "no duty to retreat" instruction affected the outcome of the case.

*Ford, III*, slip op. at 2-3.

The Michigan Court of Appeals concluded that the "no duty to retreat" instruction was not supported by a rational view of the evidence, and thus that the instructions were not warranted by state law. In analyzing petitioner's ineffective assistance of counsel claim, this expression of state law is binding on this Court. *See Basile v. Bowersox*, 125 F. Supp. 2d 930, 960 (E.D. Mo.1999). Therefore, any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir.2006). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the

conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: September 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 30, 2010, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager